UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JACK RYAN WILDER,<br><br>    Plaintiff,<br><br> v.<br><br>DOC DISTRICT OF COLUMBIA;<br><br>CONGRESS,<br><br>    Defendants. | Case No. 2:23-cv-01552-TMC<br><br>ORDER DISMISSING IN FORMA PAUPERIS CASE |

   This matter comes before the Court at the recommendation of Chief Magistrate Judge David Christel in his Order Granting Application to Proceed In Forma Pauperis. Dkt. 6. On October 11, 2023, Plaintiff Jack Ryan Wilder filed a proposed complaint and a motion for leave to proceed in forma pauperis ("IFP"). Dkt. 1, 1-1. The Court referred the motion to Judge Christel. Dkt. 6 at 1. Judge Christel granted Mr. Wilder's application to proceed IFP but recommended review of the case under 28 U.S.C. 1915(a)(1) because "based on the allegations in the proposed complaint, it is unclear if venue is proper and if Plaintiff has adequately stated a claim upon which relief can be granted." *Id.* Having reviewed Mr. Wilder's complaint and the balance of the record, the Court finds the action is frivolous. Accordingly, the Court DISMISSES the case pursuant to 28 U.S.C. 1915(e)(2)(B)(i).

ORDER DISMISSING IN FORMA PAUPERIS CASE - 1

## I. REVIEW OF THE COMPLAINT

Mr. Wilder names DOC District of Columbia as a defendant in the case caption and Congress as a defendant in the civil complaint form. Dkt. 7 at 1–2. He alleges the Court has federal question jurisdiction under 28 U.S.C. § 1331. *Id.* at 3. His statement of the claim includes the following allegations:

> The gongress, government, and Catholic collectivist group are . . . abusing me by mind control, a biological weapon a instrument of torture. They show images in my head, even as vividly as I can see with my eyes . . . I'm the son of god, put in law in California by Reagan as such with a lot of money . . . Iv been looted for that! . . . This is all corruption and politics for sale, in this military condoning and allowing foul play with the greavances of our annihilation on our own soil, that have been perpetrated via war crimes against humanity and nature over the last 45 years!!! . . . They put instruments of leverage on me that are nanonically coated charged particles . . . The government and in who I believe is the black community, tried to kill me on January 6th 2023 by hitting me with a vehicle and it almost killed me , broke 7 Bones, 2 in my back, 3 ribs, my femor, and my foot . . . This is among many car wrecks they put me into using my brain, and many more chance at my life using medically induced problems this congress legislated into me without mine or my mom's consent ever . . . I was harassed by people on my TV, and attacked and put in outside hospitals all most dead . . . Tortured, even with dehydration for 11 days. I was put in kadleck hospital almost dead!!!

*Id.* at 7–8. Mr. Wilder does not specify which federal statutes, treaties, and/or provisions of the U.S. Constitution are at issue in this case. *Id.* at 3, 8. He states that he seeks the following relief: "Contest all that is in my name such as genetic inellectual property. to purchase the military industrial establishment and have a world court Lawyer represent me with an instrument of truth to substantiate good faith and integrity." *Id.* at 5.

## II. DISCUSSION

The district court may permit indigent litigants to proceed IFP upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading *in forma pauperis* . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal quotations

omitted). Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case that is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an IFP complaint that fails to state a claim).

An IFP complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985)); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984); *Neitzke v. Williams*, 490 U.S. 319, 328–29 (1989). Pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), a court may dismiss a claim that is based on an "indisputably meritless legal theory" or "clearly baseless" factual contentions, such as those "describing fantastic or delusional scenarios." *Neizke*, 490 U.S. at 327. A court should dismiss a claim as factually frivolous "when the facts rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Unless it is clear a pro se plaintiff cannot cure the deficiencies of a complaint, the Court will provide the plaintiff with an opportunity to amend the complaint to state a plausible claim. *See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment.").

Here, Mr. Wilder's complaint is incoherent. He also alleges "fantastic or delusional scenarios," *Neizke*, 490 U.S. at 327, and "wholly incredible" facts, *Denton*, 504 U.S. at 33, such

ORDER DISMISSING IN FORMA PAUPERIS CASE - 3

as mind control by the government, Dkt. 7 at 7–8. Moreover, Mr. Wilder does not identify any legal claims he is alleging against Defendants. The Court finds the complaint fails to state a claim upon which relief can be granted and is frivolous. Because the complaint fails to contain factual allegations that could plausibly give rise to a claim, the Court also finds dismissal without leave to amend is appropriate in this case.

### III. CONCLUSION

The Court DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and DISMISSES this action with prejudice. Because the Court finds the action is frivolous, Mr. Wilder's IFP status should not continue if he chooses to appeal. *See* 28 U.S.C. § 1915(a)(3).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 4th day of December, 2023.

Tiffany M. Cartwright
United States District Court Judge